UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMARIO REED CRENSHAW,

      Plaintiff,               Case No. 2:23-CV-12189
                                Honorable Jonathan J.C. Grey

v.

DAVID S. LEYTON,

      Defendant.

_____/

## **OPINION AND ORDER OF SUMMARY DISMISSAL AND DENYING PLAINTIFF'S MOTION TO AMEND/CORRECT COMPLAINT (ECF NO. 8)**

Before the Court is Plaintiff Demario Reed Crenshaw's civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Genesee County Jail in Flint, Michigan. For the reasons stated below, the complaint is **DISMISSED WITHOUT PREJUDICE**.

On November 7, 2023, Magistrate Judge David R. Grand signed an order of deficiency, which required Plaintiff to either pay the $350.00 filing fee in full, plus the $52.00 administrative fee, or in the alternative, to provide a signed certification of his trust fund account from an authorized prison official plus a current computerized trust fund account

showing the history of the financial transactions in plaintiff's institutional trust fund account for the past six months within thirty days of this Court's Order. Plaintiff was given thirty days to comply. (ECF No. 7). To date, plaintiff has neither paid the filing fee nor provided the Court with the requested information.

28 U.S.C. § 1915(a)(2) requires a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court to file a certified copy of the trust fund account statement for that prisoner for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

Although plaintiff has submitted an application to proceed without prepayment of fees, the application does not include a certified trust account statement or a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months. Plaintiff's complaint is deficient because he failed to provide the Court with a certified account statement as well as copy of his computerized prison

2

trust fund account for the past six months. *See Davis v. United States,* 73 F. App'x 804, 805 (6th Cir. 2003).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *McGore v. Wrigglesworth*, 114 F.3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." *Id.* The district court must then order that the case be dismissed for want of prosecution. *Id.*

Plaintiff failed to correct the deficiency order and the Court must dismiss the complaint without prejudice for want of prosecution based upon Plaintiff's failure to fully comply with the deficiency order. *See Erby v. Kula,* 113 F. App'x 74, 75-76 (6th Cir. 2004).

Accordingly, the Court **DENIES** plaintiff's motion to amend/correct complaint (ECF No. 8) and **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act.

Nothing in this order precludes plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

**SO ORDERED**.

s/Jonathan J.C. Grey
JONATHAN J.C. GREY
Dated: April 22, 2024          UNITED STATES DISTRICT JUDGE

4

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2024.

s/ S. Osorio
Sandra Osorio
Case Manager
